## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Scott Bulger and Chafik Hamadeh, *on behalf of themselves and all others similarly situated*,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Portfolio Recovery Associates, LLC.<br><br>　　　　　　Defendant. | CIVIL ACTION NO.: 1:19-cv-10251-RWZ |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Portfolio Recovery Associates, LLC ("Defendant") hereby responds to Plaintiff's Complaint as follows:

**I.      Introduction**

1.      Paragraph 1 purports to describe Plaintiffs' cause of action and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 1 of Plaintiffs' Complaint.

2.      Paragraph 2 states a conclusion of law to which no response is required and is otherwise denied.

3.      Paragraph 3 states a conclusion of law to which no response is required and is otherwise denied.

4.      Defendant denies the first two sentences contained in paragraph 4 of the Complaint. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining sentence contained in paragraph 4 of the Complaint.

**II.     Parties**

5.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the first allegation contained in paragraph 5 of the Complaint. Further answering, Defendant states that the remaining allegations contained in paragraph 5 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

6.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the first allegation contained in paragraph 6 of the Complaint. Further answering, Defendant states that the remaining allegations contained in paragraph 6 of the Complaint states a conclusion of law to which no response is required and is otherwise denied.

7.     Defendant admits the first allegation contained in paragraph 7 of the Complaint. Defendant states that the second allegation contained in paragraph 7 of the Complaint states a conclusion of law to which no response is required and is otherwise denied. Defendant admits the remaining allegations contained in paragraph 7 of the Complaint.

**III.    Allegations Applicable to All Counts**

8.     Paragraph 8 states a conclusion of law to which no response is required and is otherwise denied.

9.     Paragraph 9 states a conclusion of law to which on response is required and is otherwise denied.

10.    Paragraph 10 states a conclusion of law to which no response is required and is otherwise denied.

11.    Defendant denies that it began calling Mr. Bulger in August 2018. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint.

303243048v1 1017028

12. Defendant admits it called the referenced telephone number ending in 8691. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint.

13. Admitted.

14. Denied.

15. Defendant denies it began calling Mr. Hamadeh in or around early 2018. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendant admits that it called the referenced telephone number ending in 4456. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendant admits it called the telephone number ending in 4456 using the referenced telephone numbers set forth in paragraph 17 of the Complaint. Defendant denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

**IV.   Class Action Allegations**

23. Paragraph 23 purports to describe Plaintiff's cause of action and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## V.   Count I

39. Defendant repeats and reincorporates its responses to the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, Defendant alleges the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages and their claims herein should be barred or any recovery reduced in proportion to Plaintiffs' said failure to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, ratification, laches, unclean hands, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the underlying claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' request for class certification fails because they cannot satisfy the requirements for class certification.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' proposed class definitions are improper as a matter of law.

303243048v1 1017028

## **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' Chapter 93A claim against Defendant is barred because Plaintiffs have not suffered an injury which would otherwise entitle them to recovery.

## **DEMAND FOR A JURY TRIAL**

Defendant demands a jury trial.

Defendant reserves the right to supplement these affirmative defenses as discovery proceeds.

        Respectfully submitted,
        Portfolio Recovery Associates, LLC

        By Its Attorneys,

        */s/ Andrew M. Schneiderman*
        Andrew M. Schneiderman, BBO #666252
        HINSHAW & CULBERTSON LLP
        53 State Street, 27th Floor
        Boston, MA 02109
        617-213-7000
        aschneiderman@hinshawlaw.com

Date:    February 14, 2019.

## **CERTIFICATE OF SERVICE**

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Andrew M. Schneiderman*
        Andrew M. Schneiderman

303243048v1 1017028